IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

RECEIVED
in Clerk's Office
JAN 08 2019
U.S. District Court
Middle District of TN

|  |  |
|---|---|
| DR. JESSIE D. McDONALD, Ph. D.<br>Petitioner,<br><br>v.<br><br>FEDERAL COMMUNICATIONS<br>COMMISSION; and<br>TENNESSEE ELECTIONS<br>COMMISSION, | )<br>)<br>)<br>)<br>)<br>) Docket No. _____<br>)<br>)<br>)<br>) |

On application for a Extraordinary Relief

PETITION FOR
WRIT OF MANDAMUS AND PROHIBITION

Dr. Jessie D. McDonald, Ph.D., Pro se
P.O. Box 60641
Nashville, TN 37206-0641
(615) 238-1861

5

## QUESTIONS PRESENTED

1. Whether the FCC Rule excluding Independent Party Candidates from the "*equal time*" is discriminatory?

(2) Whether the exclusion of Independent Candidates from equal time of announcing their presence in the political race imposes a sense of fraud upon the general public voters by being allowed to hear a selected few?

(3) Whether the voters are entitled to hear from all candidates so they can make a conscience choice for which candidate would be the best candidate for their choice?

(4) Whether Extraordinary Relief is required to prevent a fraud being imposed on the public through the public election process?

## LIST OF PARTIES

The Petitioner, Jessie D. McDonald is the only petitioner in this case;

Herbert H. Slatery, III, Attorney General for Tennessee, respondent;

Solicitor General for the Federal Communications Commission.

## OPINION BELOW

This is an original proceeding against the Tennessee Election Commission and the Federal Communications Commission.

## STATEMENT OF JURISDICTION

This Court has jurisdiction over disputes involving public elections involving states and federal government entities that make the United States of America a party to the legal proceedings.

## STATUTORY PROVISION

28, §1651(a), USC

## CONSTITUTION INVOLVED
### Fifth and Fourteenth Amendments

Guarantee all citizens the right to equal protection under the laws and due process in all courts from being deprived of life, liberty and property, without due process under the laws of the land.

## STATEMENT OF THE CASE

Petitioner, Jessie D. McDonald was approved and qualified by the Tennessee Elections Commission to participate in the November 6, 2018 General Election as a candidate for Governor as an Independent Party candidate.

Petitioner gave a two week notice of a press conference to announce being a candidate as an Independent candidate, under the "equal time" provision as allowed the major party candidates, which was denied to the petitioner, based on a provision of the Federal Communications Commission Rules, which excludes the Independent candidates from the "equal time' provision.

### Concise Argument

The Petitioner and similar situated Independent Candidates were qualified by the Tennessee Election Commission, in the exact same manner as the two major party candidates, and are being wrongfully singled out and discriminated against in violation of the federal civil rights act of 1964 and its amendments, by the Federal Communications Commission, a governmental entity, excluding Independent Candidates from the "equal time" provision as allowed major party candidates.

## REASONS WHY RELIEF SHOULD BE GRANTED

Petitioner states that this provision of the FCC policy conflicts with every law and legal theory on equal treatment as shown in the Civil Rights Act of 1964 and its amendments, as well as legal precedents on equal treatment that Petitioner believes that further research should not be required and rely of this Court's

perceptions of the right thing to do based on previous legal precedence on equal treatment and civil rights.

The likelihood of success is in the petitioner's favor because the exclusion clause wrongfully discriminates against the Petitioner and similar situated Independent Candidates to eliminate competition and such actions violates every standard of fairness that has been established in our system of justice under our laws. Without the prayed relief, Petitioner and approximately forty one (41) other similar situated Independent Candidates will suffer irreparable injury by being subjected to a wrongful exclusion and being denied the right to participate in the election process on an equal basis as the 'major party candidates'. No one will suffer harm if the extraordinary relief is granted, which will give the voters in Tennessee, as well as nationwide the chance to gain more knowledge of the available remedies that could present a solution to many problems that the 'major party candidates' have failed present. The public interest demands the extraordinary relief to protect the integrity of the election process, without any outside forces trying to tilt the balance in favor of the 'major party candidates'. Under such circumstances, extraordinary relief must be GRANTED. *Hamad v. Woodcrest Condo. Ass'n*, 328 F. 3d 224, 230 (6th. Cir. 2003) Plaintiff has shown a likelihood of success on the merits of the claim against Independent Candidates being wrongfully excluded under the "equal time" provision of the FCC policies or rules as applied in this case, would likelihood violate the people's right to vote under the First and Fourteenth Amendments. This Court has recognized that while the Constitution itself accords no right to vote for presidential electors, a state's decision to allow voters to make that decision creates a right to vote that is deemed "*fundamental*". *Bush v. Gore*, 531 U.S. 98, 104 (2000). The right to vote is a fundamental right, preservative of all rights. *League of Women Voters of Ohio v. Brunner*, 548 F. 3d 463, 476 (6th. Cir. 2008). When that right is burdened, courts must engage in a careful analysis of the magnitude of the infringement and the countervailing interest of the state.

Petitioner acknowledge that it is not the Election Commission fault to exclude Independent Candidates, but since the election proceeded on Nov. 6, 2018, it has

been the Election Commission that present the fraud upon the public, when it had the opportunity to prevent the same, by having prior knowledge as shown in this application and being served with a similar notification before the Nov. 6th, 2018 election was even held.

## Relief Sought

For the reasons as shown herein, Petitioner, Jessie D. McDonald, Pro se asks this court to GRANT this application for writ of prohibition to prohibit further enforcement of the aggrieved FCC policy or rule, excluding Independent Candidates from the equal time provision; and issue a writ of prohibition to prohibit the certification of the November 6, 2018 General Election results as being the final vote.

Issue a writ of mandamus to compel the Election Commission and any other jurisdiction affected, to set another date for the General Election to prevent a fraud being imposed upon the general public through a fraudulent public election that does not represent the views of all of the legitimate candidates that were qualified by the Tennessee Election Commission; and all other and further relief the court deems to be proper; especially to include all public elections nationwide, held on November 6, 2018 where the Independent Candidates were excluded from having equal media time as the candidates in the election for the Republican and Democratic Parties.

Respectfully submitted,<br>
*Jessie D. McDonald*<br>
Jessie D. McDonald, Ph. D.

P.O. Box 60641
Nashville, TN 37206

U.S. POSTAGE PAID
FCM LG ENV
NASHVILLE, TN
37229
JAN 06, 19
AMOUNT
**$2.05**
R2304M110906-21

RECEIVED
IN CLERK'S OFFICE
JAN 08 2019
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

Office of the Clerk
U.S. District Court
801 Broad St., Rm 800
Nashville, TN 37203