IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JESSIE D. McDONALD, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case Nos. 3:05-cv-00243 |
| | ) 3:19-cv-00072 |
| PAUL G. SUMMERS et al., | ) |
| | ) Judge Aleta A. Trauger |
| Respondents. | ) ) |

## ORDER

The court is in receipt of petitioner Jessie McDonald's Motion for Leave of Court, which he seeks to file in Case Nos. 3:05-cv-00243 and 3:19-cv-00072. Attached to the motion are other proposed motions and exhibits. The Clerk is **DIRECTED** to docket the Motion for Leave of Court in both referenced cases and to maintain the attachments submitted with it as manually filed (non-scanned) exhibits, in accordance with the court's ordinary policy of retention.

In his most recent motion, vexatious litigant Jessie D. McDonald seeks the court's permission to file a separate Motion for Relief from Judgment, in which he continues to challenge the court's previous orders imposing sanctions and denying and dismissing with prejudice his 2005 petition for the writ of error coram nobis. He also seeks permission to file an Amended Application for Writ of Error Coram Nobis (in case No. 3:05-cv-00243) and an Amended Complaint against the Federal Communications Commission and Tennessee Elections Commission (in Case No. 3:19-cv-00072). The purported basis for his Motion for Relief from Judgment is that the Sixth Circuit notified him in orders entered in July and August 2018 that he

had the option of filing such a motion in this court. *See In re McDonald*, No. 18-1566 (6th Cir. July 17, 2018).

Although the Sixth Circuit indeed made reference to the petitioner's ability to file a motion for relief from judgment as one of the grounds for its denial of his petitions for a writ of prohibition in that court, seeking to prohibit enforcement of the district court's order, this court finds that any attempt to file a motion for relief from judgment now is untimely and clearly frivolous. The Motion for Leave of Court is **DENIED**.

This court has previously notified the petitioner, many times, that, if he did not "cease filing frivolous motions in this matter," the court would schedule a criminal contempt hearing. (*See, e.g.*, Case No. 3:05-cv-0243, Doc. Nos. 68, 90, 106.) Both matters in which the petitioner seeks to file new pleadings are closed. In Case No. 3:05-cv-0243, all appeals have been exhausted and no further action will be taken in this case. In Case No. 3:19-cv-0072, the time for filing an appeal has expired. The petitioner is reminded again that the sanctions and the previous Orders entered in this case remain in effect. While the court is generally hesitant to devote any more time than strictly necessary to dealing with a vexatious litigant who already has consumed too much of the court's limited resources, continued frivolous filings in either referenced case or the filing of new civil cases without paying the previously assessed sanctions may well result in criminal contempt proceedings.

It is so **ORDERED**.

ENTER this 12th day of April 2019.

ALETA A. TRAUGER
UNITED STATES DISTRICT JUDGE